UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY P. METZGER, JR. ) | | |
| ) | Case Number | |
| **Plaintiff** ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| PORTFOLIO RECOVERY ) | | |
| ASSOCIATES, LLC ) | JURY TRIAL DEMANDED | |
| A WHOLLY-OWNED ) | | |
| SUBSIDIARY OF PORTFOLIO ) | | |
| RECOVERY ASSOCIATES, INC. ) | | |
| ) | | |
| **Defendant** ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jerry P. Metzger, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jerry P. Metzger, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III.  PARTIES

4. Plaintiff, Jerry P. Metzger, is an adult natural person residing at 2414 Butler Street, Lafayette, Indiana. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Portfolio Recovery"), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Indiana and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. Plaintiff filed for bankruptcy in 2001.

8. Included in said bankruptcy was an account with Citibank (account #5424180315291102).

9. Balance on this account at that time was approximately $5,600.00.

10. Plaintiff received a discharge from said bankruptcy in February, 2002.

11. On or about October 7, 2004, Plaintiff started to receive calls from Defendant attempting to collect on said debt.

12. Plaintiff informed the Defendant at that time that the account was included and discharged in his 2001 bankruptcy.

13. Defendant disregarded the information from the Plaintiff and threatened that a civil action would be brought against the Plaintiff if he did not make arrangements to pay.

14. Over the next several months and then into the next couple of years the Defendant would receive collection calls threatening to garnish the Plaintiff's wages as well as those of his children.

15. Plaintiff was warned falsely that his children could also be brought to court and made to pay on this account.

16. Defendant eventually began the threat of liens and removal of the Plaintiff's valuables in order to get paid while continuously dismissing the fact that this account was included in the Plaintiff's 2001 bankruptcy.

17. Over the next few years, the calls and the threats continued.

18. During one such call, the elderly Plaintiff was threatened with jail time for failure to pay.

19. On or about May 31, 2006, unbeknownst to Plaintiff, Defendant filed a civil action against the Plaintiff in Tippecanoe County, Docket #79D010704CC270 despite the debt being discharged in bankruptcy.

20. Plaintiff was not formerly served, and was unaware of this action.

21. In or around May, 2012, Plaintiff again started to receive an influx of notices and calls from the Defendant demanding payment on this account.

22. Defendant was now looking for full payment of $11,800.53.

23. At that time, Plaintiff was offered the opportunity to settle the account for $3,540.00.

24. On or about May 31, 2012, Defendant called the Plaintiff demanding payment in full immediately.

25. Plaintiff was at that time warned that the Defendant would bring another civil action against the Plaintiff for failure to pay.

26. On or about September 18, 2012, an agent of the Defendant called the Plaintiff requesting that he turn over his social security number and they would look further into this matter.

27. The Plaintiff refused to provide his social security number.

28. Defendant was again informed that this account was indeed included in the Plaintiff's bankruptcy and that he did not owe on the account.

29. Defendant's agent completely ignored what the Plaintiff stated and just continued on offering a settlement of $9,500.00.

30. Although being offered a settlement by the Defendant, it was still almost $6,000.00 more than their initial settlement offer.

31. Plaintiff refused to make any payments or enter into any arrangement with the Defendant.

32. Before ending the call, the Defendant's agent told the Plaintiff that he would see him in court.

33. There is still currently a judgment on the Plaintiff's credit regarding this account by the Defendant.

34. Defendant is still calling the Plaintiff several times per week attempting to collect on this account.

35. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

36. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

39. The above paragraphs are hereby incorporated herein by reference.

40. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

41. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of a debt would result in arrest or imprisonment of any person, or the seizure or garnishment or attachment |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 2, 2012**

**BY: /s/ Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff